**PACIFIC POWER & LIGHT COMPANY, a Maine corporation, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 79–4455.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1981.

Decided May 11, 1981.

William J. Glasgow, Portland, Or., argued for plaintiff-appellant; Mark H. Peterman, Portland, Or., on brief.

Karl P. Fryzel, Washington, D. C., for defendant-appellee.

Before ANDERSON, PREGERSON, and CANBY, Circuit Judges.

PREGERSON, Circuit Judge:

This federal income tax case presents the novel question whether section 167(a) of the Internal Revenue Code of 1954 (I.R.C.)[1] authorizes a taxpayer to deduct from gross income the difference between accelerated and straight-line depreciation of equipment owned by taxpayer and used by it to construct its own capital facilities, or whether the capitalization provision of I.R.C. § 263(a)(1)[2] prohibits the deduction. We

---

1. I.R.C. § 167(a) DEPRECIATION.

    (a) GENERAL RULE—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

    (1) of property used in the trade or business, or

    (2) of property held for the production of income.

2. I.R.C. § 263. CAPITAL EXPENDITURES.

    (a) GENERAL RULE.—No deduction shall be allowed for—

    1. Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. . . .

    The Treasury Regulation interpreting I.R.C. § 263(a)(1) states in relevant part:

affirm the district court's holding, premised on *Commissioner v. Idaho Power Co.*, 418 U.S. 1, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974) (*Idaho Power*), that where any depreciation of equipment attributable to construction of taxpayer's facilities must be capitalized under I.R.C. § 263(a)(1), no part of such depreciation may be deducted from gross income under I.R.C. § 167(a).

The parties stipulated to the following relevant facts. Pacific Power & Light Company (Pacific Power), a public utility incorporated in Maine, is engaged in the business of generating, transmitting, distributing, and selling electricity in Oregon, Wyoming, Washington, California, Montana, and Idaho.

During the years in issue, 1962 through 1966, Pacific Power constructed for its own use new power transmission and distribution facilities to supply electrical energy in its service area. In constructing these capital assets, Pacific Power used its own transportation vehicles and power equipment.

For general accounting purposes, Pacific Power depreciated the vehicles and equipment employed in constructing the new facilities by using the straight-line method. The useful lives and salvage values of the vehicles and equipment were determined by independent consultants. On its books, Pacific Power allocated the depreciation of its vehicles and equipment to the overall cost of such new facilities.[3]

For federal income tax purposes, however, Pacific Power treated the depreciation of the transportation and power equipment differently. In computing its federal tax liability, Pacific Power used the double-declining balance depreciation method,[4] and determined the useful lives of the vehicles and equipment under the class-life system.[5] Pacific Power, in its income tax returns for the taxable years 1962 through 1966, deducted from gross income the *total* accelerated depreciation attributable to the transportation and power equipment, which deduction included the depreciation attributable to the equipments' use in constructing Pacific Power's capital facilities. The Internal Revenue Service assessed tax deficiencies on the ground that the depreciation of the transportation and power equipment used to construct such new facilities should have been capitalized under I.R.C. § 263(a)(1). Pacific Power paid the assessment under protest and subsequently filed this action against the government to recover payment of tax assessments totaling $225,954.74. The United States District Court for the District of Oregon on May 25, 1979 entered final judgment dismissing Pacific Power's complaint and taxpayer appeals. We have jurisdiction under 28 U.S.C. § 1291.

In *Idaho Power*, which we believe controls the disposition of this case, the Court held that "the equipment depreciation allocable to taxpayer's construction of [its own] capital facilities is to be capitalized." 418 U.S. at 19, 94 S.Ct. at 2767. In reaching this conclusion the Court explained that:

the exhaustion of construction equipment does not represent the final disposition of

---

§ 1.263(a)–2—Examples of capital expenditures.

The following paragraphs include examples of capital expenditures:

(a) The cost of acquisition, construction, or erection of buildings, machinery and equipment, furniture and fixtures, and similar property having a useful life substantially beyond the taxable year.

3. These accounting methods were required by the state and federal regulatory agencies with jurisdiction over Pacific Power. During the years in issue, 1962 through 1966, Pacific was regulated by the Federal Power Commission (now the Federal Energy Regulatory Commission) and six state public utility commissions.

4. I.R.C. § 167(b)(2) permits a taxpayer to use a rate of depreciation not greater than twice the rate under the straight-line method. This method is referred to as double-declining balance.

5. I.R.C. § 167(m) authorizes the Commissioner to establish useful lives for classes of property in a particular industry or group. A taxpayer is allowed to compute the depreciation deduction based on these class lives rather than having to compute the useful life of any particular asset.

the taxpayer's investment in that equipment; rather, the investment in the equipment is assimilated into the cost of the capital asset constructed. Construction-related depreciation on the equipment is not an expense to the taxpayer of its day-to-day business. It is, however, appropriately recognized as a part of the taxpayer's cost or investment in the capital asset.

418 U.S. at 13–14, 94 S.Ct. at 2764–2765.

In *Idaho Power*, the Court considered the interrelationship between I.R.C. §§ 263, 161, 261, and 167, which also apply to this case. I.R.C. § 263(a)(1) disallows deductions for "[a]ny amount paid out" by a taxpayer for construction or permanent improvement of its facilities.[6] As the Court pointed out:

The purpose of § 263 is to reflect the basic principle that a capital expenditure may not be deducted from current income. It serves to prevent a taxpayer from utilizing currently a deduction properly attributable, through amortization, to later tax years when the capital asset becomes income producing.

418 U.S. at 16, 94 S.Ct. at 2766. Although I.R.C. § 167(a) allows a depreciation deduction for "exhaustion, wear and tear" of property used in the taxpayer's trade or business, the Court interpreted I.R.C. § 161[7] and § 261[8] to require that § 263(a) take precedence over § 167(a). Thus, "an expenditure incurred in acquiring capital assets must be capitalized even when the expenditure otherwise might be deemed deductible under [§ 167(a)]." 418 U.S. at 17, 94 S.Ct. at 2766.

Finally, the Court in *Idaho Power* voiced its concern for maintaining tax-parity. A taxpayer who pays an independent contractor to construct a capital facility would have to capitalize *all* of the construction-related depreciation costs charged to it by the contractor. The Court thus concluded that the same complete capitalization should result when a taxpayer builds its own capital facilities—i. e., that there should be no tax advantage for such self-construction. 418 U.S. at 14, 94 S.Ct. at 2765.

Before the Court's decision in *Idaho Power*, Pacific Power, in its federal income tax returns, claimed a depreciation deduction for the *full* amount of accelerated depreciation of its transportation and power equipment used to construct its own capital facilities. Thus, for federal tax purposes, Pacific Power did not capitalize any of such depreciation. Its pre-*Idaho Power* stance was therefore identical to the position explicitly rejected by the Court in that case.

In the instant suit, Pacific Power assumes the following fall-back position. It asserts that to give effect to Congress's policy to encourage investment in depreciable assets by providing an accelerated depreciation deduction, a taxpayer using its own equipment to construct its own capital facilities should be permitted to deduct from gross income the difference between accelerated and straight-line depreciation. Pacific Power contends that in *Idaho Power* the Court did not consider what *measure* of depreciation should be used when capitalizing depreciation for purposes of I.R.C. § 263(a)(1). Accordingly, Pacific Power argues that the rule of *Idaho Power* is met by allocating to the construction costs of capital facilities a sum representing straight-line depreciation of the equipment used. Pacific Power uses this method for general accounting purposes and argues that it reflects the actual costs incurred in connection with construction of its capital facilities. In short, taxpayer argues that, to

---

6. *See* footnote 2 *supra*.

7. I.R.C. § 161 provides:
   ALLOWANCE OF DEDUCTIONS.
   In computing taxable income under section 63 (a), there shall be allowed as deductions the items specified in this part, *subject to the exceptions provided in part IX (sec. 261 and following,* relating to items not deductible). (Emphasis added.)

8. I.R.C. § 261 provides:
   GENERAL RULE FOR DISALLOWANCE OF DEDUCTIONS.
   In computing taxable income no deduction shall in any case be allowed in respect of the items specified in this part.

further congressional policy, it should be entitled to deduct from gross income the difference between straight-line and double-declining balance depreciation. To adopt Pacific Power's position would result in bifurcating the depreciation of equipment used by taxpayers to construct their own capital facilities: straight-line depreciation would be capitalized and deducted over the life of the capital facility constructed, whereas the excess of double-declining balance over straight-line depreciation would be deducted as a current business expense under I.R.C. § 167(a).

The government asserts that *Idaho Power*, where taxpayer computed depreciation under both the straight-line and declining balance methods, 418 U.S. at 5, 94 S.Ct. at 2760, controls the disposition of this case. We agree.

Although Pacific Power presents an ingenious argument, one best presented to Congress, we find the reasoning and reach of *Idaho Power* to be dispositive of taxpayer's contentions. As the Court stated in *Idaho Power*:

> To be sure, the 1954 Code provided for new and accelerated methods for depreciation, resulting in the greater depreciation deductions currently available. These changes, however, relate primarily to computation of depreciation. Congress certainly did not intend that provisions for accelerated depreciation should be construed as enlarging the class of depreciable assets to which § 167(a) has application or as lessening the reach of § 263(a). See Note 1973 Duke L.J. 1386.

418 U.S. at 18–19, 94 S.Ct. at 2767.

We hold that where any equipment depreciation must be capitalized under I.R.C. § 263(a)(1), no part of such depreciation may, be deducted under I.R.C. § 167(a).

The judgment of the district court is AFFIRMED.